UNITED STATES U.S. DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
JACQUELINE FERNANDEZ, on behalf of herself and all others similarly situated,

    *Plaintiffs,*

-against-

VEGAMOUR, INC.,

    *Defendant.*
---------------------------------------------------------- X

Case No.: 24-3795

DEFENDANT VEGAMOUR INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

## DEFENDANT VEGAMOUR INC.'S ANSWER TO PLAINTIFFS' COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Vegamour Inc. ("Defendant"), by and through its undersigned attorneys, K&L Gates LLP, hereby answers the Complaint submitted to the Court by Plaintiff Jacqueline Fernandez ("Plaintiff") as follows.

## INTRODUCTION

1. Defendant lacks sufficient information to admit or deny the allegations in paragraph 1 of the Complaint and, on that basis, denies them.

2. Defendant lacks sufficient information to admit or deny the allegations in paragraph 2 of the Complaint and, on that basis, denies them.

3. Defendant lacks sufficient information to admit or deny the allegations and statistics used in paragraph 3 of the Complaint and, on that basis, denies them.

4. The allegations in paragraph 4 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 4 of the Complaint.

5. The allegations in paragraph 5 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations a in paragraph 5 of the Complaint.

6. The allegations in paragraph 6 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 6 of the Complaint and that Plaintiff is entitled to the relief she seeks.

## JURISDICTION AND VENUE

7. Paragraph 7 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained within.

8. Paragraph 8 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained within.

9. Paragraph 9 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 9 of the Complaint and, on that basis, denies them.

10. Paragraph 10 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 10 of the Complaint and, on that basis, denies them.

11. Paragraph 11 of the Complaint asserts a legal conclusion to which no response is required. To the extent that a response is required, Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 11 of the Complaint and, on that basis, denies them.

12. Paragraph 12 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief she seeks.

## THE PARTIES

13. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 13 of the Complaint and, on that basis, denies them.

14. Paragraph 14 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 14 of the Complaint and, on that basis, denies them.

15. Defendant admits the allegations in paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 16 of the Complaint.

## STANDING

17. Paragraph 17 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 17 of the Complaint and, on that basis, denies them.

18. Defendant admits the allegations in paragraph 18 of the Complaint.

19. Defendant admits the allegations in paragraph 19 of the Complaint.

20. Paragraph 20 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 20 of the Complaint and, on that basis, denies them.

21. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 21 of the Complaint and, on that basis, denies them.

22. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 22 of the Complaint and, on that basis, denies them.

23. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 23 of the Complaint concerning Plaintiff's subjective state of mind and manner of accessing the website and, on that basis, denies them. Defendant denies that the "[w]ebsite holds themselves out" as Plaintiff alleges. Defendant admits the remaining allegations in this paragraph.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

25. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 25 of the Complaint concerning Plaintiff's subjective state of mind and, on that basis, denies them. Defendant denies the remaining allegations in paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 28 of the Complaint and, on that basis, denies them.

29. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 29 of the Complaint concerning Plaintiff's subjective state of mind and, on that basis, denies them.

## NATURE OF ACTION

30. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 30 of the Complaint and, on that basis, denies them.

31. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 31 of the Complaint and, on that basis, denies them.

32. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 32 of the Complaint and, on that basis, denies them.

33. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 32 of the Complaint and, on that basis, denies them.

34. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 34 of the Complaint and, on that basis, denies them.

35. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 35 of the Complaint and, on that basis, denies them.

36. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 36 of the Complaint and, on that basis, denies them.

## STATEMENT OF FACTS

37. Defendant denies any suggestion that the website does not allow all consumers to access the goods and services offered therein, but admits the remaining allegations in paragraph 37 of the Complaint.

38. Defendant denies any suggestion that the website does not allow all consumers to access the goods and services offered therein, but admits the remaining allegations of paragraph 38 of the Complaint.

39. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 39 of the Complaint and, on that basis, denies them.

40. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 40 of the Complaint and, on that basis, denies them.

41. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 41 of the Complaint concerning Plaintiff's subjective state of mind and, on that basis, denies them.

42. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 42 of the Complaint concerning Plaintiff's subjective state of mind and manner of accessing the website and, on that basis, denies them. Defendant denies that the "[w]ebsite holds themselves out" as Plaintiff alleges. Defendant admits the remaining allegations in this paragraph.

43. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 43 of the Complaint and, on that basis, denies them.

44. Defendant denies the allegations in paragraph 44 of the Complaint.

45. Defendant denies the allegations in paragraph 45 of the Complaint.

46. Paragraph 46 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 46 of the Complaint and, on that basis, denies them.

47. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 47 of the Complaint concerning Plaintiff's subjective state of mind and, on that basis, denies them.

48. Paragraph 48 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 48 of the Complaint.

49. Paragraph 49 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 49 of the Complaint.

50. Paragraph 46 of the Complaint asserts a legal conclusion to which no response is required.

51. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 51 of the Complaint concerning Plaintiff's subjective state of mind and, on that basis, denies them.

52. Paragraph 52 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 52 of the Complaint.

508492205.1

53. Paragraph 53 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 53 of the Complaint.

54. Paragraph 54 of the Complaint asserts a legal conclusion, including Plaintiff's mischaracterization of the law, to which no response is required. To the extent a response is required, Defendant denies the allegation.

55. Paragraph 55 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 55 of the Complaint and denies that Plaintiff is entitled to the relief she seeks.

56. Defendant denies the allegations in paragraph 56 of the Complaint.

57. Defendant denies any suggestion that it has not already undertaken efforts to make its website equally accessible by all consumers, but otherwise admits the remaining allegations in paragraph 57 of the Complaint.

58. Defendant denies the allegations in paragraph 58 of the Complaint.

<b><u>CLASS ACTION ALLEGATIONS</u></b>

59. Paragraph 59 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegation in paragraph 59 of the Complaint that Plaintiff is entitled to class relief.

60. Paragraph 60 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegation in paragraph 60 of the Complaint that Plaintiff is entitled to class relief.

61. Paragraph 61 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 61 of the Complaint.

62. Paragraph 62 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 62 of the Complaint.

63. Paragraph 63 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 63 of the Complaint.

64. Paragraph 64 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 64 of the Complaint.

65. Paragraph 65 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 65 of the Complaint.

**FIRST CAUSE OF ACTION**
VIOLATIONS OF THE ADA, 42 U.S.C. § 12182 *et seq.*

66. Defendant incorporates its denials and admissions as if fully set forth herein.

67. No admission or denial is required in paragraph 67 of the Complaint. To the extent that admissions or denials are required, Defendant denies the allegations contained within.

68. No admission or denial is required in paragraph 68 of the Complaint. To the extent that admissions or denials are required, Defendant denies the allegations contained within.

69. No admission or denial is required in paragraph 69 of the Complaint. To the extent that admissions or denials are required, Defendant denies the allegations contained within.

70. No admission or denial is required in paragraph 70 of the Complaint. To the extent that admissions or denials are required, Defendant denies the allegations contained within.

71. No admission or denial is required in paragraph 71 of the Complaint. To the extent that admissions or denials are required, Defendant denies the allegations contained within.

72. No admission or denial is required in paragraph 72 of the Complaint. To the extent that admissions or denials are required, Defendant denies the allegations contained within.

73. No admission or denial is required in paragraph 73 of the Complaint. To the extent that admissions or denials are required, Defendant denies the allegations in paragraph 73 of the Complaint that Plaintiff is entitled to any relief whatsoever.

## SECOND CAUSE OF ACTION
VIOLATIONS OF THE NYCHRL

74. Defendant incorporates its denials and admissions as if fully set forth herein.

75. No admission or denial is required in paragraph 75 of the Complaint. To the extent that admissions or denials are required, Defendant denies the allegations contained within.

76. No admission or denial is required in paragraph 76 of the Complaint. To the extent that admissions or denials are required, Defendant denies the allegations in paragraph 76 of the Complaint.

77. Defendant denies the allegations in paragraph 77 of the Complaint.

78. Defendant denies the allegations in paragraph 78 of the Complaint.

79. No admission or denial is required in paragraph 79 of the Complaint. To the extent that admissions or denials are required, Defendant denies the allegations contained within.

80. Defendant denies the allegations in paragraph 80 of the Complaint.

81. Defendant denies the allegations in paragraph 81 of the Complaint.

82. Defendant denies the allegations in paragraph 82 of the Complaint.

83. Defendant denies the allegations in paragraph 83 of the Complaint.

84. Defendant denies the allegations in paragraph 84 of the Complaint that Plaintiff is entitled to any relief whatsoever.

85. Defendant denies the allegations in paragraph 85 of the Complaint that Plaintiff is entitled to any relief whatsoever.

86. Defendant denies the allegations in paragraph 86 of the Complaint that Plaintiff is entitled to any relief whatsoever.

### THIRD CAUSE OF ACTION
### DECLARATORY RELIEF

87. Defendant incorporates its denials and admissions as if fully set forth herein.

88. Defendant denies the allegations in paragraph 88 of the Complaint.

89. Defendant denies the allegations in paragraph 89 of the Complaint.

### PRAYER FOR RELIEF

WHEREFORE, Defendant demands that:

(a) None of the relief prayed for in the Complaint be granted;

(b) All claims asserted in the Complaint be dismissed;

(c) Plaintiff not be awarded any injunctive or declaratory relief;

(d) No class be certified;

(e) Defendant's legal fees and costs be awarded; and

(f) Defendant receive such other relief as this Court deems just and proper.

### AFFIRMATIVE DEFENSES

Defendants asserts the following affirmative defenses:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

508492205.1

Plaintiff's claims are barred, in whole or in part, by one or more of the equitable doctrines of estoppel, waiver, unclean hands, laches, and release.

### THIRD DEFENSE

Plaintiff is estopped from asserting any claim against Defendant because of Plaintiff's actions and inactions.

### FOURTH DEFENSE

Plaintiff's claims are barred because Plaintiff has not suffered any recognizable damages as a result of any of the alleged conduct engaged in by Defendant.

### FIFTH DEFENSE

If Plaintiff herein suffered or sustained any loss, injury, damage or deterrent, the same was directly and proximately caused and contributed to by conduct, acts omissions, activities, carelessness, recklessness and negligence of Plaintiff and/or Plaintiff's agents, thereby completely or partially barring Defendant's recovery herein.

### SIXTH DEFENSE

Plaintiffs' claims are barred by the statute of limitations.

### SEVENTH DEFENSE

Plaintiff's damages or injuries, if any, are not attributable to any act, conduct, or omission on the part Defendant.

### EIGHTH DEFENSE

First Amendment to the United States Constitution.

### NINTH DEFENSE

The Constitution of the State of New York, Article 1, Section 8.

### TENTH DEFENSE

The claims made in the Complaint are barred, in whole or in part, because Plaintiff lacks standing.

**ELEVENTH DEFENSE**

Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that she will suffer any irreparable harm from Defendant's actions.

**TWELFTH DEFENSE**

The alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated by damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

**THIRTEENTH DEFENSE**

The claims made in the Complaint are barred, in whole or in part, because of failure to mitigate damages, if such damages exist.

**FOURTEENTH DEFENSE**

The claims made in the Complaint are barred, in whole or in part, because Defendant is not liable for the acts of third parties over whom it has no control.

**FIFTEENTH DEFENSE**

Plaintiff is not entitled to injunctive relief because Defendant already has rectified or is in the process of rectifying any accessibility issues with its website.

**SIXTEENTH DEFENSE**

Plaintiff's claims are not exceptional and Defendant is not entitled to an award of attorneys' fees.

**SEVENTEENTH DEFENSE**

508492205.1

Plaintiff fails to satisfy the prerequisites for class certification and, therefore, lacks standing and cannot represent the interests of others.

**EIGHTEENTH DEFENSE**

Plaintiff has not alleged sufficient facts to justify a class action.

**NINETEENTH DEFENSE**

The Complaint is not proper for treatment as a class action because, among other reasons, (a) the putative classes that Plaintiff purports to represent, the existence of which Defendant expressly denies, lack numerosity; (b) Plaintiff cannot establish commonality; (c) Plaintiff cannot establish typicality; and (d) Plaintiff and his counsel are inadequate representatives of the purported class.

**TWENTIETH DEFENSE**

The Complaint fails to the extent it attempts to assert Rule 23 class-action claims because members of the putative classes that Plaintiff purports to represent, the existence of which Defendant expressly denies, lack ascertainability.

**TWENTY-FIRST DEFENSE**

The claims alleged in the Complaint on behalf of Plaintiff and the alleged classes, the existence of which Defendant expressly denies, are barred, in whole or in part, because the Complaint is uncertain in that the purported class definitions are ambiguous and conclusory.

**TWENTY-SECOND DEFENSE**

The types of claims alleged in the Complaint on behalf of Plaintiff and the alleged classes, the existence of which Defendant expressly denies, are individualized and, accordingly, Plaintiff fails to satisfy the prerequisites for class certification under Federal Rule of Civil Procedure 23(a) and 23(b).

508492205.1

**TWENTY-THIRD DEFENSE**

The alleged claims are barred, in whole or in part, as a class action because a class action is not the superior method for adjudicating this dispute.

**TWENTY-FOURTH DEFENSE**

Certification of a class, based upon the facts and circumstances of this case, would be an unconstitutional denial of Defendant's right to due process under the United States Constitution.

**RESERVATION**

Defendant reserves the right to amend its affirmative defenses and add additional defenses at any time.

**WHEREFORE**, having answered Plaintiff's Complaint, Defendant requests that the Complaint be dismissed with prejudice, and Plaintiff take nothing thereby, that Defendant be awarded its costs, attorney's fees and for other relief as the Court deems just and proper.

K&L Gates, LLP

By: */s/ Ronie M. Schmelz*
     Ronie M. Schmelz

K&L Gates LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA 90067
Telephone: (310) 552-5000
*Attorneys for Defendant Vegamour, Inc.*

508492205.1